IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18 CV 255 MOC WCM

| | | |
|---|---|---|
| CHERIE FISHER, individually and as personal representative for Dallas Fisher, | ) ) ) | |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on a Motion to Amend Answer to Add Defense (the "Motion to Amend," Doc. 37) filed by defendant the United States of America (the "United States"). The Motion is opposed by Plaintiff, and the United States has filed a Reply. Docs. 39 & 40.

I.  Background

On September 7, 2018, Dallas Fisher and Cherie Fisher filed a Complaint against the United States under the Federal Tort Claims Act. Plaintiffs alleged that Dallas Fisher was injured when he crashed while riding his motorcycle on a section of the Blue Ridge Parkway that was owned and

1

operated by the United States through the National Park Service. Doc. 1, ¶¶ 7 & 15.[1]

The United States filed an Answer and a Motion to Dismiss on March 20, 2019. Docs. 19 & 21. The Motion to Dismiss was denied and the United States filed an Amended Answer on May 23, 2019. Doc. 28, 30.

On February 19, 2020, the United States filed the instant Motion to Amend to "add the defense of the applicability of the North Carolina Recreational Use Statute, N.C. Gen Stat. § 38A-1, *et seq.*" Doc. 37, p. 1.

## II. Law and Analysis

When considering requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980). "In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[1] The United States filed a Notice of Death of Dallas Fisher on September 30, 2019. Doc. 32. Cherie Fisher, as personal representative of Dallas Fisher's estate, was substituted for Dallas Fisher on December 9, 2019. Doc. 34.

futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("Under Rule 15, a 'motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.'").

Plaintiff argues that allowing the United States' proposed amendment would be unfairly prejudicial and that the proposed amendment is too late, especially considering the discovery already undertaken and as the United States has known the facts upon which its proposed defense was based since the onset of this litigation. Doc. 39, p. 4.[2]

"Delay alone…without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." Davis, 615 F.2d at 613; see also Edwards v. City of Goldsboro, et al., 178 F.3d 231, (4th Cir. 1999) ("delay must be accompanied by prejudice, bad faith, or futility.") (citing Johnson v. Orowheat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). "[P]rejudice resulting to the opponent by a grant of leave to amend is reason sufficient to deny amendment. Conversely, absence

---

[2] Plaintiff does not argue that the proposed amendment would be futile.

of prejudice, though not alone determinative, will normally warrant granting leave to amend." Davis, 615 F.2d at 613 (internal citations omitted).

Plaintiff is correct that some time elapsed before the United States sought leave to amend; the Motion to Amend was filed almost nine months after the United States filed its Amended Answer. See Doc. 30. However, it also appears that the parties did not take any depositions until February of 2020. See Doc. 38, p. 2.

Further, the undersigned is not convinced that the United States acted in bad faith in seeking leave to amend. Counsel for the United States represents that it was while preparing for depositions in February of 2020 that she realized the United States had failed to plead the applicability of the recreational use statute, and that she promptly alerted opposing counsel to the omission and sought Plaintiff's consent to an amendment. Doc. 38, p. 4.

As for prejudice, Plaintiff complains that she would need to "retake" three depositions previously conducted and "perform further written discovery when half of Plaintiff's allotted interrogatories have already been used." Doc. 39, p. 3. Plaintiff further asserts that her expert report deadline is nearing, and that "[a]dditional time and expense will be necessitated by Plaintiff's expert in having to deal with an entirely new standard of proof." Id.

However, on March 30, 2020, in response to a joint request by the parties, the deadline for Plaintiff's expert reports was extended to July 30, 2020 and

4

the deadline to complete discovery was extended through October 16, 2020. Doc. 42.³ The extension of these deadlines significantly reduces the potential prejudice to Plaintiff if the United States' proposed amendment is allowed. See HR of Carolinas, Inc. v. Cam-Ful Industries, Inc., 3:12-cv-263, 2013 WL 12244045-MOC-DCK (W.D.N.C. Feb. 7, 2013) (granting motion to amend answer to add affirmative defense and addressing plaintiff's concern about timeliness of the amendment and prejudice by *sua sponte* allowing a brief extension of time to conduct discovery related to the amendment); Baltimore County FOP Lodge 4, et al. v. Baltimore County, et al., 565 F.Supp.2d 672, 675 (D.Md. 2008) (allowing amendment to assert affirmative defenses where "[a]ny potential prejudice to plaintiffs may be wholly cured with a small window of additional discovery" and explaining that "where plaintiffs have not been unduly prejudiced by the County's error, it would elevate form over substance to deny the County the opportunity to present all of its legal arguments."); Morgan v. Federal Aviation Administration, et al., 262 F.R.D. 5, at *10 (D.D.C. 2009) (allowing amendment to add affirmative defense despite "substantial" delay and explaining that "the fact that the litigation is in its nascent stages militates in favor of allowing the defendants to amend their answer.").⁴

---

³ Plaintiff's opposition to the Motion to Amend was filed before the Joint Motion for Extension of Time of Scheduling Order Deadlines. Docs. 39 & 41.

⁴ Cases cited by Plaintiff in opposition to the Motion to Amend do not require a different result. See Sandcrest Outpatient Services, P.A. v. Cumberland County

**IT IS THEREFORE ORDERED THAT:**

1. The United States' Motion to Amend Answer to Add Defense (Doc. 37) is **GRANTED**; and

2. The United States is **DIRECTED** to file, within seven (7) days of this Order, the Second Amended Answer.

Signed: April 10, 2020

*W. Carleton Metcalf*
W. Carleton Metcalf
United States Magistrate Judge

---

Hospital System, Inc. et al., 853 F.2d 1139, 1149 (4th Cir. 1988) (affirming district court's denial of leave to amend complaint where proposed "amendment appear[ed] to have been an after-thought by appellant, possibly prompted only by the concern that it would lose on the summary judgment motion."); Quaker State Oil Refining Corp. v. Garrity Oil Co.,Inc., 884 F.2d 1510 (1st Cir. 1989) (leave to amend denied where facts upon which defendant's proposed counterclaim was based were known all along, only two months of the already-extended discovery period remained, the deadline for plaintiff to file motion for summary judgment was in three weeks, and a "great deal" of discovery had taken place without reference to the theory raised in the proposed counterclaim); Hayes v. New England Millwork Distributors, Inc., 602 F.2d 15, (1st Cir. 1979) (leave to amend denied where plaintiff waited two years to seek leave and "the parties had already engaged in and apparently had completed discovery when appellant sought to amend his complaint.").